**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-1386**

---

MARGARET BIH ASANGONG,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.  (A97-923-860)

---

Submitted:  November 26, 2007      Decided:  December 17, 2007

---

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

William P. Joyce, JOYCE & ASSOCIATES, P.C., Boston, Massachusetts, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Joshua E. Braunstein, Senior Litigation Counsel, J. Max Weintraub, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Margaret Bih Asangong, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's decision denying her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In her petition for review, Asangong challenges the ruling that she failed to establish her eligibility for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted). We have reviewed the Board's decision and the administrative record and find that substantial evidence supports the determination that Asangong failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2007) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same).

Moreover, as Asangong cannot sustain her burden on the asylum claim, she cannot establish her entitlement to withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir 2004) ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved

are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3) [(2000)]."). In addition, we uphold the finding that Asangong failed to establish that it was more likely than not that she would be tortured if removed to Cameroon. See 8 C.F.R. § 1208.16(c)(2) (2007).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED